**WORLD TIME CORPORATION OF AMERICA, Plaintiff,**

v.

**PANDAIR INTERNATIONAL AIR-FREIGHT and Continental Airlines, Defendants.**

**No. 89–1239–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 10, 1990.

pervision amounts to.

Robert Lamar Bell, Miami, Fla., for plaintiff.

Lawrence D. Smith, Miami, Fla., for defendant Continental.

Richard J. Mc Alpin, Miami, Fla., for defendant Pandair.

## ORDER DENYING SUMMARY JUDGMENT MOTIONS

MORENO, District Judge.

THIS MATTER comes before the Court on each party's motion for summary judgment. This action seeks to recover damages for an alleged loss during an international air shipment of watches from the Netherlands to Miami, Florida.

It is undisputed that an agreement existed between plaintiff World Time Corporation and defendant Pandair International Airfreight for the transportation of three cases of watches from Rotterdam, Netherlands to Miami, Florida. Pandair submitted an air waybill to World Time for the watches. An air waybill was also submitted to World Time by Pandair, acting as agent of co-defendant Continental Airlines, to transport the watches. The goods were to travel as follows: from Rotterdam, Netherlands to Amsterdam, Netherlands, then to London, England and finally, from England to Miami, Florida. The goods were accounted for by Continental Airlines in London as demonstrated by the air waybill. As of this date, the goods whereabouts are unknown. All parties agree that the Warsaw Convention Act, which governs international transportation of goods, may apply to these facts.

The disputed facts include the adequacy of the information provided on the air waybill, the location of the goods when they disappeared, and whether either Pandair or Continental's conduct rises to the level of "willful misconduct". A finding as to any one of these would destroy a defendant's ability to avail itself of the liability limitation provision under the Warsaw Convention Act. *See* 49 U.S.C.App. (1982 Ed.) § 1502 note.

Applying the standard for summary judgment found in *Celotex Corp. v. Catrett* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), this case would properly be resolved by such judgment were there no genuine issues of material facts in dispute. Summary judgment cannot be granted where resolution of disputes over the facts would affect the outcome of the suit under governing law.

In this case, the sufficiency of the contents of the air waybill would trigger the Warsaw Convention limits upon plaintiff's recovery. If the air waybill is not in conformity, then the plaintiff may be entitled to demonstrate damages which are alleged to amount in excess of $58,000 rather than $1,428. However, a review of Continental Airlines representative Bruce Fiedler's sworn testimony and his affidavit present disputed questions of fact as to the air waybill, the location of the goods and willful misconduct.

WHEREFORE the plaintiff's and defendants' motions for summary judgment are denied.

DONE and ORDERED.